332 So.2d 509 (1976)
Linda A. HALL
v.
MANAGEMENT RECRUITERS OF NEW ORLEANS, INC.
No. 7409.
Court of Appeal of Louisiana, Fourth Circuit.
May 18, 1976.
*510 Chaffe, McCall, Phillips, Toler & Sarpy, G. Phillip Shuler, III, New Orleans, for plaintiff-appellant.
Occhipinti, Tamberella & Grace, Christopher T. Grace, Jr., New Orleans, for defendant-appellee.
Before LEMMON, SCHOTT and MORIAL, JJ.
SCHOTT, Judge.
Plaintiff's "Petition For Back Wages And Breach Of Contract" contained the following pertinent allegations: She was originally employed by defendant as an account executive between April, 1972, and September, 1973, when she resigned; she was re-employed by defendant as a manager in October, 1973, pursuant to an employment contract subsequently amended in March, 1974; the contract, as amended, provided for salary, commissions and vacation pay; because of defendant's breach of the employment contract she resigned on April 30 and she demanded her unpaid wages and accrued vacation pay. The petition then continues:

"12.
Defendant refused to pay all amounts due to petitioner but instead tendered only $363.65.

"13.
Petitioner, pursuant to R.S. 23:631, is now due the following amounts:

 1. Unpaid Wages ..........................$136.35
 2. Accrued Vacation Pay................... 825.00
 3. Wages in the form of commissions and
 profit sharing funds in an undetermined
 amount but believed to equal or exceed
 six hundred dollars ($600)

In addition to these amounts she claimed penalties and attorney's fees under LSA-R.S. 23:632, and damages of $2,000 for defendant's alleged breach of the employment contract.
In its answer, defendant alleged that plaintiff was paid all wages due her as of the date of her resignation and that she compromised her claim by accepting defendant's check for $342.38. Defendant also reconvened against plaintiff for damages resulting from plaintiff's alleged breach of an employment contract entered into on March 16, 1972.
*511 Defendant moved for summary judgment for a dismissal of plaintiff's petition. The motion was supported by an affidavit of defendant's president in which he recited that on April 29, 1974, in behalf of his company, he tendered a check to plaintiff for $342.38, on the back of which was the wording "For final payment of all back due salaries, commissions, or any other emoluments." The affidavit recited that the check was endorsed by plaintiff and deposited in her account shortly thereafter, and at the time of the tender of the check there was a dispute between the parties as to what, if any, amount was due plaintiff by defendant.
No counter-availing affidavit was filed by plaintiff, and the trial court granted the motion for summary judgment in favor of defendant with the restriction "as it relates to the provisions of R.S. 23:631 & R.S. 23:632, dismissing her claim for unpaid wages, interest and attorney's fees only."
From this judgment plaintiff has appealed.
The summary judgment does not grant defendant all of the relief prayed for but was limited to unpaid wages and attorney's fees. It does not purport to dispose of her claim for accrued vacation pay or for damages allegedly resulting from the breach of the employment contract, so that the trial court has ostensibly retained jurisdiction with respect to these other matters pursuant to LSA-C.C.P. Art. 968.
Notwithstanding the discrepancy between plaintiff's allegation that she was tendered $363.65 and defendant's allegation and affidavit to the effect that she was tendered $342.38, plaintiff merely asserted a claim for unpaid wages, including a portion thereof resulting from commissions which greatly exceeded the amount which defendant established in its affidavit to have been tendered and accepted by plaintiff.
Defendant relies on the equitable doctrine of accord and satisfaction applied in such cases as Lorio v. Safeco Insurance Company of America, 316 So.2d 744 (La.App.1st Cir. 1975), Miller v. Oak Builders, Inc., 306 So.2d 449 (La.App.1st Cir. 1975) and Braudaway v. United Equitable Insurance Company, 208 So.2d 359 (La.App.4th Cir. 1968).[1]
These cases and others cited therein show that there are three necessary elements for the application of the doctrine of accord and satisfaction; namely, an unliquidated or disputed claim, a tender made by the debtor in full settlement of the claim, and an acceptance of the tender by the creditor. Stated differently, there must be a contract to make a full settlement of a claim for a specific consideration. As in the case of any contract there must be an offer, an acceptance and a meeting of the minds of the two parties.
Defendant's position should also be considered in the light of the Civil Code articles with respect to transaction or compromise. Under C.C. Art. 3071 a compromise is a contract to settle a disputed claim. Thus, there must be an offer, an acceptance and a meeting of the minds. Under C.C. Art. 3073, contracts of compromise "regulate only the differences which appear clearly to be comprehended in them by the intention of the parties."
This appeal involves a summary judgment, which is rarely an appropriate procedure for determining intention. Berger v. Fireman's Fund Insurance Company, 305 So.2d 724 (La.App. 4th Cir. 1974), Johnson v. Fairmont Roosevelt Hotel, Inc., 286 So. 2d 177 (La.App. 4th Cir. 1973).
*512 The simple notation on defendant's check hardly establishes so as to entitle mover to a summary judgment as a matter of law, that it offered the payment under the condition that it be accepted as full settlement of all wage-related claims or not at all. Plaintiff's cashing the check does not establish a clear intention on her part to accept defendant's offer to compromise their differences. Such issues are questions of fact and in the absence of an explicit and detailed contract of compromise, are rarely appropriate for summary judgment.
The very posture of the case as it stands before us demonstrates that there was not necessarily a meeting of the minds between these parties so as to bring about a binding contract of compromise.
Defendant alleged in its motion for summary judgment "that at the time plaintiff accepted [the] check, there was a dispute between the parties as to the amount due her, if any." Defendant moved to dismiss plaintiff's entire claim. The inscription on the check, as well as the affidavit of defendant's president, were relied upon by defendant to show that it had offered to settle plaintiff's entire claim by the tender of the amount of the check. At no time did defendant in its affidavit or motion take the position that it offered to settle only the wage portion of plaintiff's claim when it tendered the check to her. Yet the trial court granted the summary judgment with respect to plaintiff's wages only thereby finding that there was an offer by defendant, and an acceptance by plaintiff, of a settlement which neither party intended to make. Under the circumstances the summary judgment was inappropriate.
Accordingly, the judgment appealed from is reversed and set aside and the case is remanded to the trial court for proceedings consistent with the views expressed herein. Defendant is to pay the costs of this appeal. All other costs are to await a final judgment.
REVERSED AND REMANDED.
NOTES
[1] Plaintiff argues persuasively that application of the doctrine of accord and satisfaction to a wage claim would violate public policy. It is unnecessary for us to decide this issue in order to decide the case.