398 So.2d 1087 (1981)
DIXIE CAMPERS, INC.
v.
VESELY COMPANY.
No. 80-C-2631.
Supreme Court of Louisiana.
May 18, 1981.
*1088 William G. Nader of Love, Rigby, Dehan, Love & McDaniel, Shreveport, for plaintiff-applicant.
Michael G. Crow and Philip A. Franco of Adams & Reese, New Orleans, for defendant-respondent.
DENNIS, Justice.
We are called upon to decide whether the court of appeal correctly affirmed a summary judgment declaring that a retail dealer's franchise to sell a company's "camping trailers" is unambiguous and does not include the right to market its "travel trailers" or "mini-homes." The previous courts' decisions terminated the retail dealer's damage suit based on its franchiser's marketing of "travel trailers" and "mini-homes" through other dealers in the same territory. We reverse, 389 So.2d 889 (La. App.) holding that, taken as a whole, the franchise to sell "Apache camping trailers and parts and accessories" and "Apache products" is ambiguous as to whether it relates to a class of trailers including travel and mini-home trailers or refers to one type of trailer within a group. The parties in their affidavits have cited conflicting parol evidence as to the intended meaning of the ambiguous terms which would be admissible at trial. Since the intention of the parties as to the meaning of the franchise is a material fact as to which there is a genuine issue, the motion for summary judgment completely dismissing plaintiff's suit should have been denied.
On October 8, 1974, Dixie Campers, Inc., plaintiff, and Vesely Company, defendant, entered an "Apache Dealer Agreement," containing the following provisions. Vesely appointed Dixie Campers as its authorized Apache dealer for the sale and distribution of "Apache camping trailers and parts and accessories marketed by Vesely (herein called `Products')." Vesely agreed to sell to Dixie Campers "Products for delivery in accord with quotas mutually agreed upon" by the parties, and to grant it the right to use the nationally known trade name "Apache", provided that Dixie Campers would not use the trade name in marketing any product except " `Apache' branded products." Dixie Campers further agreed to "actively and aggressively promote, display and sell the Products" and to maintain a "stock of Products which Vesely deems adequate to properly represent and promote Vesely's market penetration in the area." In a separate, contemporaneously executed addendum to the contract, the parties agreed that Vesely would not, during the term of the Dealer Agreement, sell "Apache products" to any person maintaining a place of business for "sale of products" in a marketing area consisting of Jefferson, Orleans, Plaquemines, St. Bernard and St. Charles Parishes.
Dixie Campers filed suit for damages against Vesely Company on July 31, 1978 alleging that Vesely had violated the contract by appointing firms in Jefferson and St. Tammany Parishes as its dealers "for the sale and distribution of Apache products" and that these dealers had purchased and were continuing to purchase for resale "Apache products" from Vesely.
Vesely moved for summary judgment. In a supporting affidavit Vesely's Director of Sales stated that "no Apache camping trailers were ever sold" to the Jefferson Parish firm and that the only "Apache products" sold to the firm were "four (4) Apache Travel Trailers." The affiant further *1089 said that at the time the contract was entered Vesely Company also sold "Apache Travel Trailers and Apache Mini Homes" but that the agreement with Dixie Campers encompassed only "Apache camping trailers" and that it was the company's standard procedure to specifically name Apache Travel Trailers and Apache Mini-Homes when it intended to include them in a contract.
In an affidavit in opposition to the motion for summary judgment Dixie Campers' president stated that, at the time the Apache dealer contract was entered, Dixie Campers was aware that Vesely Company sold Apache Camping Trailers, Apache Travel Trailers, and Apache Mini-Homes; that Dixie Campers intended and understood that its franchise to sell Apache camping trailers included all of these products; and that Vesely had in fact sold all of these products to Dixie Campers for resale during the existence of the franchise.
Both previous courts determined that the contract was unambiguous, that parol evidence could not be admitted to vary its terms, and that Dixie Campers could not recover damages because its franchise related only to Apache Camping Trailers. We granted certiorari and now reverse the judgments below because the contract is ambiguous and there is a genuine dispute as to a material issue of fact.

1.
Although parol evidence is inadmissible to vary the terms of a written contract, La.C.C. art. 2276, when the terms of a written contract are susceptible to more than one interpretation, or there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed, parol evidence is admissible to clarify the ambiguity and to show the intention of the parties. White v. Rimmer & Garrett, Inc., 340 So.2d 283 (La.1976); Gulf States Finance Corp. v. Airline Auto Sales, Inc., 248 La. 591, 181 So.2d 36 (1965); Moreau v. Otis Elevator Co., 531 F.2d 311 (5th Cir. 1976).
Applying this rule, we conclude that the contract in this case is susceptible to more than one reasonable interpretation rendering it ambiguous and uncertain as to the intention of the parties. The contract grants the retail dealer an exclusive franchise to sell Apache camping trailers and Apache products in a particular territory. The term "camping trailer", particularly when printed in lowercase as it is in the dealer contract, reasonably could refer to a whole group or class of trailers useful for camping. The term "Apache products" is even more general and reasonably could include more than Apache camping trailers. Although "Products" are defined in the main contract as Apache camping trailers, parts and accessories, the addendum grants the dealer an exclusive right to market all "Apache products", and it is not clear that the terms are interchangeable. Arguably, prudent business men would have specifically excluded from the franchise particular types of Apache camping trailers and products, such as travel trailers and mini-home trailers, if this had been their intention. The contractual requirement that Dixie Campers maintain a "stock of Products which Vesely deems adequate to properly represent and promote its market penetration in the area" suggests that Vesely intended to market aggressively its whole line of Apache camper products through Dixie. On the other hand, the contract is also susceptible to the interpretation espoused by Vesely, viz., that the agreement contemplated only the marketing of Apache Camping Trailers, as a distinct product, and not sales of Apache Travel Trailers or Mini-Homes. Accordingly, upon a trial of the case, parol evidence would be admissible to clarify the ambiguity and show the intention of the parties.

2.
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Vermilion Corp. v. *1090 Vaughn, 397 So.2d 490 (La.1981); Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Cates v. Beauregard Electric Cooperative, Inc., 328 S.2d 367 (La.1976). In the present case, however, the affidavits show that there is a genuine issue as to a material fact. The parties have adduced conflicting parol evidence regarding both their subjective intention at the inception of the contract and their actual business practices under the agreement. The parol evidence would be admissible in this case because the contract is ambiguous. Accordingly, the intention of the parties as to the products to be covered by the contract, is a material fact which is genuinely at issue, rendering summary judgment unavailable on this issue.
The summary judgment was correctly granted, however as to the alleged breach of the franchise in St. Tammany Parish. In the dealer agreement Vesely obligated itself to refrain from selling Apache products to any other person purchasing for resale who to Vesely's knowledge maintained a place of business for sale of products in Jefferson, St. Charles, Plaquemines, St. Bernard and Orleans Parishes. Accordingly, it appears to be undisputed that Vesely did not violate the agreement by appointing a dealer in St. Tammany Parish.
For the reasons assigned, the judgments below are reversed and set aside, and the case is remanded to the trial court with instructions to recast its judgment and conduct further proceedings in accordance with this opinion.
REVERSED AND REMANDED.