BYRNES, Judge.
Plaintiff’s deceased son, a nineteen (19) year old unmarried male, died approximately five (5) hours after sustaining a crushing injury occasioned while he was working for Southern Scrap Material Company, Ltd., in their Florida Avenue yard. The accident occurred when young Clay was riding atop a gondola car used by Southern Scrap to haul scrap metal. The car was filled with metal and Clay was perched atop the side of the car with his legs dangling inside the car. The car jolted suddenly while coupling with another car and Clay fell into the car. The metal shifted, crushing Clay and he died approximately five (5) hours later. Suit was filed timely by his parents naming Southern Scrap and its officers as defendants as well as Illinois Central Gulf Railroad Company, owner of the car. Motions for summary judgment followed and were granted in favor of all defendants. Plaintiff has appealed all summary judgments except the summary judgment in favor of Illinois Central Gulf Railroad Company which is now final.
We affirm the lower court decision.
In their memorandum in favor of summary judgment appellees rely on Louisiana Revised Statute 23:1032,[1] whereby absent certain exceptions an injured worker’s sole remedy against his employer is workmen’s compensation. Further, supporting this contention is the recent case of Bazley v. *1391 Tortorich, 397 So.2d 475 (La.1981) in which the Supreme Court held that Louisiana Revised Statute 23:1032, as amended, prevents an injured employee from seeking recovery in tort for a work related injury even if it is known to have been negligently caused by his employer and/or employee. The only exception to this immunity is if the negligent act or acts were intentional.
Plaintiff maintains that the granting of summary judgment by the trial court was against the weight of law and evidence and that it should not have been granted because there were disputed questions of law and fact. In its latest pronouncement on summary judgment, the Supreme Court, in Thompson v. South Central Bell Telephone Co., 411 So.2d 26 (La.1982) stated:
“Summary judgment under La.C.C.P. arts. 966-969 is based on Federal Rule 56. Although it is an extremely useful device for putting an end to unnecessary litigation, it must be used with caution. ‘Summary Judgment procedure is not a catchpenny contrivance to take unwary litigants into its toils and deprive them of a trial.’ Whitaker v. Coleman, 115 F.2d 305, 307 (5th Cir. 1940). Rather, it is available only when “the pleadings depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law”. La.C.C.P. Art. 966; Dixie Campers, Inc., v. Vesely Co., 398 So.2d 1087 (La.1981); Chaisson v. Dominque, 372 So.2d 1225 (La.1979). Whenever there remain factual issues in dispute, a court should not grant summary judgment but should set the case for trial”.
A most liberal reading of the record leads this court to conclude that there are no material disputed issues of fact. Numerous uncontroverted affidavits were presented by defendant which alleged among other things that young Clay was riding while seated atop the gondola car with his legs hanging on the inside, in violation of his instructions and company rules, and that young Clay had been warned not to do this on previous occasions. Plaintiff has done nothing to controvert these allegations other than to state that the company could have done more to protect its employees. Defendant maintains that this in itself constitutes an intentional act or omission as per the wording of La.R.S. 23:1032. We find no support for this allegation in the record. We do concede that an employer does have knowledge that no matter how comprehensive his safety programs are, there will always be occasions where an employee will circumvent such programs and place himself in a dangerous position. This knowledge does not require the employer to become an absolute insurer of the employees’ safety, by having a comprehensive safety program to cover all circumstances, no matter how remote, in order for the employer not to become liable in tort under the exception enumerated in Louisiana Revised Statute 23:1032. For these reasons we find no merit in plaintiffs argument that the employer could have done more to protect the deceased.
We therefore affirm the lower courts decision dismissing plaintiffs case and assess all costs of this appeal to plaintiff-appellants.
AFFIRMED.

. The Statute States:
“The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principle or any officer, director, stockholder, partner or employee of such employer or principle, for said injury, or compensable sickness or disease. For purposes of this Section, the word “principle” shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall effect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principle to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
The immunity from civil liability provided by this Section shall not extend to: 1.) any officer, director, stockholder, partner or employee of such employer or principle who is not engaged at the time of the injury in the normal course and scope of his employment: and 2.) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section.” [Amended by Acts 1976, No. 147, § 1]