DOMENGEAUX, Judge.
David Holladay commenced these proceedings seeking damages for the alleged breach of an employment contract. Holla-day named as the defendant Dixie Broadcasters, Inc. (Dixie Broadcasters) d/b/a radio stations KLOU/KBIU. Subsequent to a motion for summary judgment filed by Dixie Broadcasters, the motion was granted and Holladay’s suit was dismissed at his costs. Holladay sought this appeal praying for the reversal of the District Court’s judgment and the right to proceed to trial on the merits.
Holladay was employed by Dixie Broadcasters as a morning radio personality for station KBIU. The plaintiffs employment commenced in October of 1984, but was terminated in February of 1985. Holladay maintains entitlement to damages for loss of income, moving expenses and loss of professional reputation on the grounds that his position as a morning air personality was prematurely terminated and that another offer of employment extended by station KBIU was an inferior position. Holla-day also alleged fraud and misrepresentation.
Dixie Broadcasters moved for and was granted a summary judgment on the grounds that the written agreement between the parties did not provide a stated *555 term for Holladay’s employment. The Trial Judge, in agreement with the position of Dixie Broadcasters, concluded that the contract only referenced a commencement date and that either party was entitled to terminate the agreement at will.
La.Code Civ.Proc. art. 966 (1960) (amended 1966, 1983 and 1984) provides that a party is entitled to a summary judgment when “there is no genuine issue as to material fact, and [the] mover is entitled to judgment as a matter of law.” Subsequent to our review of the trial record, particularly the agreement between Holladay and Dixie Broadcasters, we are unable to agree with the Trial Judge. We do not find that there is no material issue as to the term of Holladay’s employment.
Our review of the agreement in issue and the record leads us to the conclusion that the agreement is ambiguous and, therefore, subject to clarification by parol evidence. See, Dixie Campers, Inc. v. Vesely Company, 398 So.2d 1087 (La.1981). The initial sentence of the agreement states that “[t]his will constitute the employment agreement highlights between” Dixie Broadcasters and Holladay. (Emphasis added.). The phraseology of this sentence leads us to conclude that the agreement executed by the parties was not intended to be a definitive agreement and that other aspects of the contract were not reduced to writing. Since the term of Hol-laday’s employment was not included in the writing, only further evidence adduced by way of pretrial discovery or trial on the merits will reveal the intentions of the parties.
The plaintiff’s other allegation, that of false and misleading representations on the part of Dixie Broadcasters was not addressed by the District Court. Having concluded that the appropriate course for this matter is remand, we will refrain from rendering any decision on Holladay’s allegations of fraud and misrepresentation.
For the above and foregoing reasons, the judgment of the District Court granting Dixie Broadcasters’ motion for summary judgment is reversed. This case is remanded to the District Court for further proceedings consistent with the views expressed herein.
All costs of this appeal are assessed against Dixie Broadcasters, Inc.
REVERSED AND REMANDED.