561 So.2d 501 (1990)
Mary Lynn GUIDRY, Plaintiff-Appellee,
v.
PARK DELL TERRACE PARTNERSHIP, et al., Defendants-Appellants.
No. 89-70.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1990.
*502 Terry J. Johnson, Lake Charles, for plaintiff-appellee.
Voorhies & Labbe, James Doyle, Lafayette, for Park Dell.
Plauche, Smith, Jeffrey M. Cole, Lake Charles, for Mkt. Basket.
Johnson & McAlpine, Alan J. Yacoubian, New Orleans, for Ins.
Before LABORDE, KNOLL and KING, JJ.
LABORDE, Judge.
Plaintiff, Mary Lynn Guidry, brought this action for injuries she allegedly sustained when she slipped and fell in the parking lot of the Park Dell Terrace Shopping Center located in the Moss Bluff Community, Calcasieu Parish, Louisiana. In her petition for damages, the plaintiff named as a defendant, Park Dell Terrace Partnership (Park Dell), the owner of the shopping center. Subsequently, she amended her petition to include as defendants, Market Basket Stores, Inc. of Louisiana (Market Basket), lessee of the premises where she was shopping prior to the accident, and Mutual Fire, Marine and Inland Insurance Company (Mutual Insurance), the liability insurer of Park Dell.
Park Dell filed a cross-claim against Market Basket for indemnity under the terms of the lease agreement. Park Dell also filed a third party demand against Lumbermen's Mutual Casualty Company (Lumbermen's), the liability insurer of Market Basket, for all sums for which it may be cast, as it claims to be an additional insured on the liability policy issued by Lumbermen's to Market Basket. The record indicates that the plaintiff compromised her claim against Market Basket; however, it still remains a party in this lawsuit by virtue of Park Dell's cross-claim against it.
Market Basket and Lumbermen's filed a motion for summary judgment, contending that the cross-claim and third party demand filed by Park Dell should be dismissed. In turn, Park Dell filed its own motion for summary judgment, seeking indemnity from Market Basket or liability coverage under Lumbermen's policy. These motions for summary judgment were heard by the trial judge, who granted summary judgment in favor of Market Basket and Lumbermen's and denied summary judgment on Park Dell's cross-claim and third party demand. Park Dell appeals that decision. We affirm the grant of summary judgment in favor of Market Basket, but reverse the grant of summary judgment in favor of Lumbermen's. The case is remanded for further proceedings consistent with this opinion.
On appeal, Park Dell challenges the correctness of the trial court's grant of summary judgment in favor of Market Basket and Lumbermen's. It is well established that summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C. C.P. art. 966; Dixie Campers, Inc. v. Vesely Co., 398 So.2d 1087 (La.1981); Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981).
The amended lease agreement entered into between Park Dell (lessor) and Market Basket (lessee) contains an indemnity or hold harmless clause. This indemnity clause provides:
"Lessee agrees to indemnify, save and hold harmless Lessor from and against *503 any and all claims, causes of actions, demands and expenses arising out of or in any way connected with injury to any person or the property of any person occurring in or upon the leased premises and Lessee agrees to carry public liability insurance, with combined single limit coverage of at least * * * with good and reputable insurance company, naming Lessor as an additional insured covering damage to any person or the property of any person occurring in or upon the leased premises."
It is clear from this clause that the lessee is only obligated to indemnify the lessor for injuries occurring on the leased premises. Park Dell argues that the trial court erred in not finding under the lease provisions that the leased premises included the parking lot, or, in the alternative, that there is at least a genuine issue of material fact as to whether or not the parking lot is included. We disagree.
We should point out that the lease never expressly states whether the parking lot is part of the leased premises; nonetheless, a careful reading of the lease provisions reveals that it was not intended to be. The lease describes the demised premises as follows:
"That the Lessor has agreed to let and does hereby let and demise to the Lessee and Lessee has agreed to take from Lessor, for the purpose of conducting a retail grocery supermarket, delicatessen and bakery, a store building part of which is completed and currently being occupied by Lessee, and part of which is to be erected and constructed by the Lessor, all of which is situated upon the following described property owned by the Lessor....
The property currently being occupied by Lessee is a store building measuring 125 feet by 130 feet containing approximately 16,250 square feet along with the non-exclusive right to use a paved parking lot along with other tenants in the shopping center....
An additional store area of approximately 11,685 square feet is to be constructed by Lessor....
Upon the substantial completion of the new construction, the entirety of the leased premises shall consist of a store building containing approximately 27,935 square feet."
From this description, it is apparent that the leased premises includes the grocery store building only. We do not think that the nonexclusive right to use the parking lot makes the parking lot part of the leased premises. It is also clear under the terms of the lease that the lessor is responsible for providing and maintaining the parking lot. Paragraph 23 of the lease states, in pertinent part, that:
"... The Lessor shall provide driveway, sidewalks and approaches to said center, as well as adequately paved, graded and drained parking facilities to provide a minimum parking space of 3.0 square feet of parking for each square foot of buildings erected in said shopping center, including, but not limited to, the new construction Lessor is to construct for Lessee. Said driveways, sidewalks, approaches and parking areas shall be kept and repaired, free of debris, properly maintained, clearly marked and suitably lighted after twilight during business hours at Lessor's expense and said lights shall be for the use of the Lessee and its customers in common with other tenants of the center and their customers. Lessee shall be responsible to pick up debris placed there by its customers, employees, agents and invitees...."
James Daly, a general partner in Park Dell, testified at his deposition that the partnership routinely inspected the parking lot and made repairs to it when they were needed. Finally, Paragraph 17 of the lease indicates that the parking lot and the leased premises are two separate entities:
"It is contemplated by the parties that Lessor shall have other tenants occupying other buildings in the shopping center hereinabove referred to but it is understood and agreed that Lessor shall have available as parking space 3.0 square feet of parking space for each square foot of building occupied by Lessee under the terms of this lease and Lessor further agrees to have available *504 3.0 square feet of parking space for each square foot of building that may be constructed by Lessor for any other tenant in the shopping center in which the leased premises is located."
This provision of the lease clearly draws a distinction between the parking lot and the leased premises.
After thorough consideration of the lease agreement, we cannot say that the trial court erred in finding that the parking lot is not part of the leased premises. Furthermore, we do not find that there is any issue of material fact regarding this matter. Accordingly, the grant of summary judgment to Market Basket was proper.
Park Dell in its third assignment of error argues that the grant of summary judgment to Lumbermen's was manifestly erroneous. Specifically, Park Dell contends that even if the parking lot is not part of the leased premises, the liability policy issued by Lumbermen's to Market Basket, which lists Park Dell as an additional insured (as required by the lease) does not limit coverage to the leased premises. Park Dell further contends that since the parking lot is not excluded from coverage, the policy should be read broadly to include coverage for this area.
We believe that summary judgment should not have been granted to Lumbermen's since there exists a genuine issue of material fact as to whether Park Dell is an additional insured under Lumbermen's policy. We have thoroughly examined the policy and cannot find where Park Dell is listed as an additional insured. We are aware of the fact that both Park Dell and Lumbermen's agree that Park Dell is listed as an additional insured on the policy; however, there is no evidence in the record to substantiate this. In fact, the only party we find listed as an additional insured is K-Mart Corporation (Record p. 73). Without any record of Park Dell being listed as an additional insured, we have no way of ascertaining what terms and conditions, if any, were placed on it by the policy. Accordingly, we conclude that the record does not support the grant of summary judgment in favor of Lumbermen's.
For the foregoing reasons, the trial judge's grant of summary judgment is affirmed as to Market Basket and reversed as to Lumbermen's. The case is remanded for further proceedings consistent with this opinion. Costs are to be borne one-half by Park Dell and one-half by Lumbermen's.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.