[.COOKS, Judge.
This case involves a contractual dispute between Charles Cooper and two realty companies known as Sealy Realty Company and Faulk & Foster, Real Estate Inc. Cooper owned a building on Masonic Drive. In 1986, he was approached by Wade Haughton of Sealy Realty Company who inquired whether he was interested in leasing the top floor of his building to Louisiana Business College (LBC). Sealy Realty Company and Faulk & Foster Real Estate, Inc., acting as brokers, eventually negotiated the lease agreement between Cooper and LBC for a stipulated commission.
Some time later, Haughton informed Cooper LBC needed more space. To accommodate the college, Cooper constructed another building specifically for its use. On March 19, 1987, LBC and Cooper signed a ten year lease covering the new building. Cooper agreed to pay the realty companies $108,894.00 as commission factored over the life of the lease. The realty companies, however, requested payment of the commission “up-front” before the full sum was earned. Cooper expressed grave reservation about advancing the fee. To allay his fears, Mr. Haughton drafted the following agreement:
“Sealy and Faulk & Foster do hereby agree that if Louisiana Business College of Monroe, Inc., default (sic) solely due to non payment of rental as provided in the lease and if Louisiana Business College of Monroe, Inc., voluntarily vacate or is evicted or otherwise actually loses possession of the leased premises covered by the lease due to said default, Sealy and Faulk & Foster will each reimburse to Cooper their one-half (½) share of that portion of the commission which shall have been unearned at the time of such vacancy, eviction or dispossession; provided that it is understood and agreed that Sealy and Faulk & Foster will each only be liable for $5,444.00 per year; and provided further that if, upon such vacancy, eviction or dispossession, the premises previously occupied by Louisiana Business College of Monroe, Inc., is subsequently occupied by a substitute tenant, at a rental rate greater than that previously being payed by Louisiana Business Col *1292 lege of Monroe, Inc., Sealy and Faulk & Foster shall be entitled to a credit against the amount owed pursuants (sic) to this agreement equal to the amount by which said rentals, calculated on a yearly basis and paid by such alternate tenant, exceed the rental paid per year by Louisiana Business College of Monroe, Inc... ”
13(Emphasis ours.)
The parties signed the agreement without discussing its provisions. Subsequently, LBC defaulted on its lease, and Cooper demanded a refund of the unearned commission from Sealy and Faulk & Foster in the lump sum of $82,018.00. The realty companies refused to refund the unearned portion of the commission all at once. Instead, they insisted, according to the terms of the signed agreement, they each are responsible to repay Cooper only $5,444.00 annually as partial satisfaction of the indebtedness until fully paid. The trial court concluded the repayment language found in the commission agreement was ambiguous; and, he rendered judgment in Cooper’s favor. From this judgment, Sealy and Faulk & Foster appeal.
ANALYSIS
It is well settled that contracts must be interpreted according to the common intent of the parties. La.Civ.Code art. 2045. When the words of a contract are clear, explicit and lead to no absurd consequences, no further interpretation may be made in search of the intent of the parties. La.Civ.Code art. 2046. In this case, the trial court ruled the commission contract was unclear, and otherwise, ambiguous. According to Dixie Campers, Inc. v. Vesely Company, 398 So.2d 1087 (La.1981), a contract is ambiguous when its terms are susceptible to more than one interpretation. Nonetheless, a provision susceptible of different meanings must be interpreted with a meaning that renders it effective and not with one that renders it ineffective. La.Civ.Code art. 2049.
We note Cooper initially filed suit in 1991 for return of the unearned commission in full. However, the agreement provided for a credit against the unearned portion of the commission for rental payments by any subsequent tenant, including any portion that exceeded the amount LBC agreed to pay. Because the ten year term of the agreement had not yet expired, the trial court initially dismissed 14Cooper’s suit on grounds of prematurity. The ten year period has expired and no tenant occupied the building in the interim. The realty companies, thus acknowledge, they are not due any credits against the unearned portion of the commission. They maintain, nonetheless, Cooper is not entitled to reimbursement of the unearned portion of the commission in a lump sum. Their argument is premised on the language contained in the agreement which recites each realty company will “only be liable for $5,444.00 per year.” They argue this language is clear and susceptible to only one interpretation that is Sealy and Faulk & Foster are only contractually obligated to pay Cooper $5,440.00 annually each.
But, it is just as reasonable to find the referenced proviso only limited Sealy and Faulk & Foster’s liability for each year Cooper’s building remained vacant during the ten year lease. That ten year period has expired and the obligation to pay the unearned portion of the commission has fully matured. Sealy and Faulk & Foster, thus, are not entitled to another ten year incremental delay to repay the unearned commission which is owed in whole.
Therefore, we cannot say the trial court erred in concluding the language found in the contract relating to defendants’ liability in the event of the lessee’s default is ambiguous. It is difficult, as well, to believe Cooper would have knowingly signed an agreement requiring him to wait ten years before even demanding repayment of the unearned commission, only to face the prospect of having the Realty companies dole out money undisputably owed *1293 him as another ten years tick off the clock. Any ambiguity in a contract must be interpreted against the party who furnished the text. La.Civ.Code art. 2056. Sealy and Faulk & Foster prepared the agreement.
| ¡¿DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendants-appellants.
AFFIRMED.