348 So.2d 132 (1977)
Robert BOHM, d/b/a Bob's Construction
v.
CIT FINANCIAL SERVICES, INC.
No. 11350.
Court of Appeal of Louisiana, First Circuit.
June 13, 1977.
Rehearing Denied July 11, 1977.
Writ Refused October 7, 1977.
*133 Bernard S. Smith, Covington, for plaintiff-appellee.
Maurice J. Le Gardeur, Jr., Covington, for defendant-appellant.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
LOTTINGER, Judge.
This is a suit for damages alleging the wrongful conversion and sale by defendant, CIT Financial Services, Inc. (CIT) of a truck owned by plaintiff, Robert Bohm doing business as Bob's Construction (Bohm), but mortgaged to CIT. Plaintiff further alleges the wrongful conversion and sale to be an unfair and deceptive trade practice under LSA-R.S. 51:1405 entitling him to attorney fees, or that it was an unauthorized collection practice within the terms of the Louisiana Consumer Credit Law[1] entitling him to attorney fees, refund of all finance charges and damages. Defendant contends that Bohm had voluntarily surrendered the truck by written release. Without finding either an unfair and deceptive trade practice or an unauthorized collection practice, the Trial Judge found the written release not to be valid and thus awarded plaintiff judgment in the amount of $1,896.95 plus interest, which included the value of the truck less the balance due on the loan plus general damages in the amount of $500.00. From this judgment, defendant has suspensively appealed. Plaintiff has answered the appeal seeking an increase in damages and a reversal of the Trial Court's failure to find an unfair and deceptive trade act or practice and/or an unauthorized collection practice.
Succinctly, the record points out that plaintiff had borrowed a sum of money from defendant on August 16, 1974, to purchase a 1972 Ford Ranchero truck and as security gave a chattel mortgage thereon. Plaintiff became delinquent in his payments, and on June 17, 1975, plaintiff discussed with a representative of defendant the delinquency at defendant's office. Defendant contends that it was during this discussion that plaintiff signed what it terms a "voluntary surrender form". The form in question measures 4¼ inches by 5½ inches, is dated June 17, 1975, and contains the following language: "TO C.I.T. FINANCIAL SERVICES CORPORATION:
I hereby acknowledge that simultaneously herewith, I have voluntarily turned over to you the vehicle described below:
"72 Ford Ranchero 
YEAR AND MAKE MODEL
"2A4F248757 ______________________________
SERIAL NO. MOTOR NO.
"This shall not constitute a waiver on my part of the right of appraisement nor a waiver on your part of any rights you may have, including, without limitation, the right to establish a deficiency against me in the manner provided by law if you decide so to do.
 /s/Robert Bohm 
 Customer's
 Signature _____________________________"
Two witnesses for defendant testifies that the above form was signed by defendant after it was explained to him.
Plaintiff denies signing the release form, though he admits that he turned the truck over to defendant for a period of ten days to allow him time to cover the delinquent account. It is argued by plaintiff that he signed a blank slip of paper for defendant's employee to take to plaintiff's house to show his wife as his authority to turn the truck over to defendant. It was plaintiff's testimony that he had used this procedure of his signature on a blank slip of paper in the past, whereas his wife said it was the first time. Further, plaintiff and his wife deny the signature on the printed form as plaintiff's because he always signed his *134 middle initial, and there was no middle initial on the form.
The truck was sold on June 18, 1975, to the father of defendant's manager for an amount sufficient to pay out the account, though less than the value of the truck.
The Trial Judge in oral reasons for judgment concluded that there was no violation of the consumer protection law, that even if plaintiff had signed the surrender form, the form itself was not sufficient to constitute a surrender, and thus plaintiff never intended it as a surrender.
Defendant-appellant contends that the Trial Judge erred in finding that plaintiff never intended to relinquish all rights to his vehicle and in finding that plaintiff had carried the burden of proof.
Firstly, it must be noted that the Trial Judge did not decide factually whether plaintiff had or had not signed the printed surrender form, thus this Court is not confronted with a factual determination by the Trial Judge on this issue. We deem it important, however, to make this determination. From a complete review of the record, we find that the plaintiff did sign the voluntary surrender form.
Though the printed form presented to plaintiff for his signature is brief and perhaps could be more explicit, we do not find that it is so deficient as to disallow its use for a surrender of a vehicle. The form which has been quoted above very simply states that the described vehicle is being voluntarily turned over to CIT, that there will be an appraisal made, and that CIT can establish a deficiency against the debtor. We find that the Trial Judge was in error in ruling that the form in question did not constitute a surrender.
LSA-C.C. art. 1945 provides:
"Art. 1945. Legal agreements having the effects of law upon the parties, none but the parties can abrogate or modify them. Upon this principle are established the following rules:
"First That no general or special legislative act can be so construed as to avoid or modify a legal contract previously made;

"SecondThat courts are bound to give legal effect to all such contracts according to the true intent of all the parties;

"ThirdThat the intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences;

"FourthThat it is the common intent of the partiesthat is, the intention of allthat is to be sought for; if there was difference in this intent, there was no common consent and, consequently, no contract."
If the agreement between the parties is clear and unambiguous, and will not lead to absurd consequences, the intention of the parties must be gathered from the writing itself. It is only where the agreement is unclear, ambiguous or will lead to absurd consequences that the court should go beyond the written agreement to gather the true intention. There is no question that the plaintiff in the instant case could read and write. We do not find the surrender form to be unclear, ambiguous or possibly leading to absurd consequences, thus, we hold that as between the parties it is controlling.
Any intention by plaintiff to the contrary, or any supposed agreements that the defendant would hold the vehicle for a certain number of days before selling it are of no moment. It is well settled, he who affixes his signature to an instrument is bound thereby.
The appellee in answering the appeal contends the Trial Judge erred in not finding an unfair trade practice within LSA-R.S. 51:1401 et seq. or a violation of Louisiana Consumer Credit LawLSA-R.S. 9:3510 et seq. The basis of this argument is that the signature is a forgery and the repossession is illegal. Since we have concluded above that plaintiff signed the surrender, and the surrender form is valid, we find no merit in appellee's argument.
In its answer to this suit, defendant reconvened for attorney fees under LSA-R.S. 51:1409, which was denied by the Trial *135 Judge. In appealing, defendant-appellant does not argue against this portion of the Trial Court judgment, and thus we conclude that this portion of the Trial Court judgment is not being complained of by the defendant and is not before this Court.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is reversed, and the petition of the plaintiff is dismissed with prejudice. All costs of this appeal to be paid by plaintiff-appellee.
REVERSED AND RENDERED.
NOTES
[1] LSA-R.S. 9:3510 et seq.