405 So.2d 1162 (1981)
Betty Sandifer BAKER
v.
LIFE GENERAL SECURITY INSURANCE COMPANY.
No. 14297.
Court of Appeal of Louisiana, First Circuit.
October 12, 1981.
*1163 Clayton S. Knight, Franklinton, for plaintiff-appellee.
Robert W. Levy, Ruston, for defendant-appellant.
Before CHIASSON, EDWARDS and LEAR, JJ.
LEAR, Judge.
This is a suit on an insurance policy. The plaintiff, Betty Sandifer Baker, brought suit against defendant, Life General Security Insurance Company, in order to obtain and receive the proceeds of an insurance policy issued on the life of her husband, Clarence Baker, who died on October 21, 1979. Barry A. Baker, son of decedent by a prior marriage, intervened herein, alleging that he was the designated beneficiary on the above referred to insurance policy, and sought a judgment recognizing him as the owner of the proceeds of said policy. Defendant then answered, generally denying the claims of both plaintiff and intervenor, and reconvened against both plaintiff and intervenor in order to provoke a concursus proceeding, thereby requiring both plaintiff and intervenor to assert their respective claims to the proceeds of the subject insurance policy, which defendant had deposited into the registry of the court. Thereafter, defendant was dismissed from these proceedings.
After a trial of this matter, judgment was rendered in favor of plaintiff, declaring her to be the beneficiary of the subject life insurance policy, ordering the funds deposited by defendant to be paid to plaintiff and dismissing the intervention of Barry A. Baker. Intervenor, Barry A. Baker, now appeals that judgment.
The insurance policy in question is a "husband-wife" policy, which provided coverage on their lives in the amount of $25,000.00 and $12,500.00 respectively. Clarence and Betty Baker received the application from defendant by mail and after discussing the matter, including the application, with each other, Betty Baker filled out the application at which time Clarence Baker signed it.
*1164 The application was then forwarded to defendant, at which time the policy was issued.
Simply stated, the issue here is who is the beneficiary of the deceased, Clarence Baker. In this case, it is the application form which contains the beneficiary designation, rather than the insurance policy itself. A copy of the application form, signed by Clarence Baker, is attached hereto as Appendix A.
The application form provides a standardized, printed beneficiary designation, whereby the proposed insured (Clarence Baker) is the beneficiary of the insured wife (Betty Baker) and any insured child. The printed form further provides that the proposed insured's beneficiary "shall be the insured wife at the date of this application, if living ...." Had the application form contained no further designation, it is clear that plaintiff would be the beneficiary under this policy and entitled to receive the proceeds. However, the application does allow a beneficiary designation other than that contained in the standard, printed form. It provides that the form language will control the beneficiary designation "unless otherwise requested", and the last sentence states, "If other than above [meaning the standard, printed designation], please indicate." Below this sentence are two blank lines, the first preceded by the words "FULL NAME" and the second preceded by the word "RELATIONSHIP". In these blank spaces, Clarence and Betty Baker inserted the name "Barry A. Baker", and indicated his relationship as "son".
There has been much discussion, both at trial and in the briefs submitted to this court, concerning the issue of reformation of contracts based on a mutual mistake of the parties. However, we do not believe that this is truly the issue presented in this case.
Generally, in suits for reformation of a contract, the term or terms sought to be included or excluded by the suit are provisions or terms which are bargained for as between the parties. It is true that reformation in such cases can only be obtained by alleging and proving a mutual mistake as between the parties. The designation of a beneficiary in a life insurance contract, however, is not such a "bargained for" term, the reformation of which would require a showing of mutual mistake. Rather, the naming of a beneficiary is usually a unilateral act by the insured or insureds.
In determining the beneficiary of a life insurance policy, it is necessary to ascertain the intention of the deceased. In this regard, the courts are bound to give legal effect to all contracts and their terms, including insurance policies, according to the true intent of the parties, and the intent is to be determined by the words of the contract when they are clear and explicit and lead to no absurd consequences. Bardwell v. American National Insurance Co., 94 So.2d 313 (La.App. Orleans, 1957); LSA-C.C. art. 1945. Thus, it is only where the agreement is unclear, ambiguous or will lead to absurd consequences that the court should go beyond the written agreement to gather the true intention. Bohm v. CIT Financial Services, Inc., 348 So.2d 132 (La. App. 1st Cir., 1977), writ refused 350 So.2d 673 (La., 1977); Dixie Campers, Inc. v. Vesely Company, 389 So.2d 889 (La.App. 4th Cir., 1980).
Our initial inquiry must be whether the words used in designating a beneficiary, when viewed in their totality, are clear and unambiguous. From our reading of the application form, it appears that the words used, both the standard, printed form and those added by plaintiff and the deceased, Clarence Baker, are clear and unambiguous. In writing the words "Barry A. Baker" and "son" in the blank lines following the sentence, "If other than above, please indicate.", it appears that the deceased desired not to make use of the standard, printed beneficiary designation, but rather, intended his son, Barry A. Baker, to be named as his beneficiary. While the wording of this beneficiary designation clause might be improved, we believe that the ordinary person of common understanding, when reading this clause, would readily understand that they could substitute a named beneficiary by filling in the blank lines, and in such *1165 case, the standard, printed beneficiary designation would not control.
We note that plaintiff, in her petition, does not allege that the beneficiary designation clause in the application form is unclear or ambiguous. Plaintiff alleges only that it was intended by Clarence Baker that she, plaintiff, be the beneficiary, rather than Barry A. Baker. Further, intervenor testified that, subsequent to Clarence Baker's death, plaintiff informed him of the existence of the insurance policy and stated that he, intervenor, was named as the beneficiary on the life insurance policy.
Further in construing the words of this clause according to their commonly understood meaning, we do not believe that an absurd consequence is reached. While some or even most husbands would name their wife as their beneficiary in a life insurance policy, we cannot state that it is unreasonable or absurd for the decedent to have named his son by a former marriage to be the beneficiary of his life insurance policy.
Finding that the beneficiary designation at issue is clear and unambiguous, we cannot consider, and we find that it was error for the trial court to have admitted and considered parol evidence in order to show an intention of the deceased other than that contained in the application form.
For these reasons, we find that the deceased clearly intended to name his son, Barry A. Baker, as his beneficiary under the subject life insurance policy.
Even if we had found, which we do not, that the language in the beneficiary designation clause is unclear, we do not believe that plaintiff has proven by a preponderance of the evidence that decedent's intention was to make her, rather than Barry A. Baker, his beneficiary.
Even allowing for the admission of parol evidence, we believe that the trial court erred in admitting, over a timely objection, hearsay evidence as to the understanding or intention of the decedent. Plaintiff's testimony of conversations with and statements made by her husband, Clarence Baker, was hearsay and self-serving. The only declarations by a person, since deceased, which are admissible as exceptions to the hearsay rule, are dying declarations, statements against interest and, in rare instances, pertaining to family history, relationship and pedigree where they are received as a matter of necessity. See Miller v. Miller, 226 La. 273, 76 So.2d 3 (1954). We find that the statements alleged by plaintiff to have been made by Clarence Baker do not come within any of these exceptions to the hearsay rule.
In the absence of this hearsay testimony, we are left with only plaintiff's statements as to her understanding and belief that she was to be named beneficiary. This testimony, which is self-serving, is uncorroborated by other independent evidence and is of little probative value.
Concerning her understanding of the beneficiary designation clause, plaintiff testified that they would be each other's beneficiary and would need to name someone to collect the insurance proceeds as a beneficiary of the last to die. She further stated that Barry A. Baker would be Clarence Baker's beneficiary, should he die last, and "I wanted both of my children [by a former marriage] to collect mine if I was the last one to die." However, this is contradicted by the fact that plaintiff did not list or name her children as her beneficiaries on the application form.
For the above reasons, the judgment of the trial court is hereby reversed and judgment is rendered in favor of intervenor, Barry A. Baker, recognizing him as the owner of the proceeds of Life General Security Insurance Company Policy Number 6001954, which proceeds have been deposited into the registry of the Twenty-second Judicial District Court for the Parish of St. Tammany, Louisiana. Judgment is further rendered dismissing plaintiff's suit, with prejudice. All costs are to be paid by plaintiff, Betty Sandifer Baker.
REVERSED AND RENDERED.
*1166