SCHOTT, Judge.
This is a suit for the balance due on a contract for electric service furnished by plaintiff to defendant. The trial court dismissed the suit for the stated reason that plaintiff failed to sustain its burden of proof, and plaintiff has appealed. We reverse.
On March 8, 1982, defendant applied for electric service to his property at 7701 Dwyer Road in New Orleans and signed plaintiff’s standard contract for the service. In it he agreed to pay the bills before the “Due Date” shown on each bill and that the contract was not transferable without the consent of the company. Because defendant was an established customer of plaintiff it waived the deposit usually required to secure payment of future bills.
The electricity was turned on when the contract was signed, it was supplied to the premises, and by August 1982 the account was delinquent. The last payment had been made in June, bills had been sent to defendant, but he refused to pay.
Defendant testified that he had a tenant operating a grocery in these premises but she was unable to make the deposit required to start her own account with plaintiff so plaintiff’s representative suggested the account be established in defendant’s name with the understanding that the tenant would pay the bill. He stated further that the tenant made the initial payments and when he learned the bills were becoming delinquent he telephoned plaintiff’s representative and told him to discontinue service; but the latter stated he could not because the food in the grocery would perish and his company would be faced with a suit. In dismissing plaintiff’s suit the trial judge gave the following reason:
“.... I am satisfied that in this case plaintiff has failed to sustain his burden of proof. There is at least sufficient testimony that is believable and in this Court’s view, the testimony of the defendant is more believable than that of the plaintiff. Having reached that agreement, this Court finds one, that as a fact that there were discussions between the plaintiff and the defendant with reference to the tenants that would occupy the premises, the parties have admitted, the plaintiff’s representatives have admitted that they were aware that there was a tenant who was going to be in those premises and the Court feels that that is sufficient in the case in at *1032 least to indicate that the defendant never intended to be responsible for this bill for whatever period of time that a bill was being made....”
These findings are clearly wrong. Plaintiff carried its burden of proof by establishing that defendant signed the written contract obligating himself to pay for the service, it was provided pursuant to the contract, but he failed to pay the contract price. As to whether defendant presented any evidence or a sufficiency thereof to prove some sort of a defense to the claim, there is no evidence of a bilateral agreement to change the terms of the contract. When defendant was asked if there was such an agreement he responded vaguely that plaintiff’s representative knew the tenant was paying the bill and he, defendant, thought the tenant would be responsible. This testimony must be evaluated in the light of paragraph (17) of the contract between the parties which provided:
“Service furnished by the Company under the terms and conditions of this Contract shall be received and paid for by Customer for a period of not less than 1 year(s) from the time connection is made and thereafter until discontinued subsequent to due notice given by Customer to Company unless otherwise discontinued in accordance with provisions of the rate schedule.
When the words of a contract are clear and explicit and lead to no absurd consequences the intent of the parties is to be determined by those words, and a court is obligated to give legal effect to the contract. LSA-C.C. Art. 1945 (prior to passage of Act 331 of 1984); Bohm v. CIT Financial Services, Inc., 348 So.2d 132 (La.App. 1st Cir.1977), writs refused 350 So.2d 673. The contract made defendant liable for the service irrespective of some arrangement he might have with his tenant to pay for it. Defendant may not have been aware of his responsibility because he did not read the contract when he signed it but this does not operate to relieve him of the obligation he undertook. Not only was he able to read the contract, but he was a businessman and developer of real estate. By signing the contract and accepting its benefits he agreed to his obligations even if he didn’t read it.
Defendant was the developer of this shopping center where the service in question was provided. He was anxious to place a tenant in the premises and settled on one who could not make a deposit with plaintiff and whose credit did not warrant a waiver of the deposit. For his own benefit defendant signed the contract obligating himself to pay for the service for at least a year. If he had read the contract he would have known that his agreement with the tenant'that she would pay the electric bills did not affect his own obligation to be ultimately responsible for the bills. His failure to read the contract does not deprive plaintiff of its rights thereunder when said contract clearly spelled out the conditions under which it was providing the service.
Accordingly, the judgment appealed from is reversed and set aside. There is judgment in favor of plaintiff, New Orleans Public Service, Inc., and against defendant, Wade T. Verges, in the sum of $2,389.01 with legal interest from date of judicial demand until paid and for all costs of these proceedings.
REVERSED AN£> RENDERED.