537 So.2d 863 (1989)
Lucille Fobb JOSEPH
v.
Lisa Dewey JOSEPH, Wackenhut Corporation and Equicor Equitable HCA Corporation.
No. 88-CA-549.
Court of Appeal of Louisiana, Fifth Circuit.
January 18, 1989.
Writ Denied March 27, 1989.
*864 Robert R. Faucheux, Jr., Laplace, for plaintiff/appellant.
Madeline Jasmine, Edgard, for defendant/appellees.
Before BOWES, GAUDIN and GOTHARD, JJ.
GOTHARD, Judge.
This is a suit on a life insurance policy.
The plaintiff, Lucille Fobb Joseph, brought suit against Equicor Equitable HCA Corporation claiming insurance proceeds in the amount of $50,000, payable under a policy issued on April 9, 1984 to her son Ernest Joseph, Jr. The policy was from a group policy to employees of Wackenhut Corporation.[1] Ernest Joseph died on April 27, 1986. Lisa Dewey Joseph, estranged wife of decedent, was also made a defendant by plaintiff, because she was the designated beneficiary on the insurance policy. Concursus proceedings were then provoked by the insurance corporation, thereby requiring both plaintiff and decedent's estranged wife to assert their respective claims to the proceeds of the subject insurance policy, which the insurance corporation had deposited into the registry of the court. Thereafter the insurance corporation was dismissed from these proceedings. From judgment in favor of the estranged wife, plaintiff appeals.
The principal question presented is whether the insured, prior to his death, changed the beneficiary named in the policy from his estranged wife to plaintiff.
The evidence shows that on April 9, 1984, decedent applied for group health and life insurance through his employer. The application form that decedent completed for this coverage is a blue card. It contains a line for a beneficiary designation, on which decedent placed his wife's name.
On August 14, 1984, decedent became eligible for group dental coverage through his employer. Since Wackenhut Corporation did not as yet have a specific dental application form, it provided its employees with a similar card as used to apply for health and life coverage, though pink not blue. Items dealing with health and life coverage were simply lined through as inapplicable. Decedent completed the pink card by marking the box to elect dental coverage. He further inserted the name of his mother on the line providing for a beneficiary designation. However, decedent was instructed that the beneficiary designation was inapplicable to dental coverage. A line was then drawn through his mother's name, either by decedent or his employer, after which decedent signed the card and submitted it for company approval.
It is significant to note that decedent took no further action to have his mother, rather than his wife, made the beneficiary of his life policy.
The trial court in awarding the proceeds to the decedent's estranged wife, rather than plaintiff, found that:

*865 ... The pink card is not the proper card for the beneficiary of the health and life insurance. It is merely the use for the dental privileges and, therefore, the blue card is the proper card and that card stipulates that Lisa D. Joseph is the beneficiary.
Plaintiff appeals from this judgment and raises two issues: (1) whether it was error for the trial court to award the proceeds to decedent's estranged wife, and (2) whether it was error for the trial court to exclude certain testimony of plaintiff and her witnesses on the grounds of hearsay.
In determining the beneficiary of a life insurance policy, the courts are bound to give legal effect to the policy contract and its terms according to the true intent of the parties. The intent is to be determined by the words of the contract, unless they are unclear, ambiguous or will lead to absurd consequences. In that case, the court is allowed to go beyond the written agreement to gather the true intention of the parties. Baker v. Life General Sec. Ins. Co., 405 So.2d 1162 (La.App. 1st Cir.1981). And see Morein v. North American Co. For Life & Health Ins., 271 So.2d 308 (La.App. 3rd Cir.1973) writ ref. 273 So.2d 845. (Change of beneficiary must ordinarily be done by policy terms.)
At this point we observe that under the provisions of the insurance policy in question, in order for a change of beneficiary to be effective, it must be by written notice to the insurance company. We find in the record no evidence to show that this was done.
Nevertheless, plaintiff contends that decedent clearly changed, or intended to change, the beneficiary of his life policy from his wife to her on August 14, 1984, when he inserted her name as beneficiary on the dental card.
We find no merit in plaintiff's contention. Though plaintiff was designated as beneficiary on the application card used for dental insurance, her name was lined through as inapplicable to dental coverage. Decedent did not thereafter pursue a change of beneficiary by completing a change of beneficiary form or by written notice to the insurance corporation. Plaintiff is simply not the designated beneficiary of decedent's life policy; nor do the circumstances persuade us that decedent intended to make plaintiff the beneficiary.
We further find meritless plaintiff's suggestion, made for the first time on appeal, that the trial court improperly considered parol evidence given by former Wackenhut manager, David Johnson. Mr. Johnson was responsible for decedent's employee benefit plan. He testified that plaintiff's name was lined through as inapplicable to dental insurance by decedent, himself, or his secretary in decedent's presence. This testimony does not alter, modify, or change the beneficiary designation on decedent's life policy. Nor has plaintiff alleged or proven mistake or fraud in Mr. Johnson's maintenance of decedent's employee benefit records. Accordingly, Mr. Johnson's testimony does not violate the parol evidence rule.
Finally, we reject plaintiff's argument that the trial court improperly excluded as hearsay, testimony as to the decedent's statements that his mother was his beneficiary. Plaintiff's testimony and that of her relatives, regarding statements made by decedent, were hearsay and self-serving. The only declarations by a person, since deceased, which are admissible as exceptions to the hearsay rule, are dying declarations, statements against interest and, in rare instances, pertaining to family history, relationship and pedigree where they are received as a matter of necessity. See Baker v. Life General Sec. Ins. Co., supra. The statements alleged by plaintiff to have been made by decedent do not come within any of these exceptions to the hearsay rule.
In the absence of this hearsay testimony, we are left with only plaintiff's statements as to her understanding and belief that she was to be named beneficiary. As previously stated, this testimony is self-serving and is uncorroborated by other independent evidence. It is, therefore, of little probative value.
*866 For these reasons, we hold that the trial court correctly awarded the proceeds of the decedent's insurance policy to his estranged wife. Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] Wackenhut Corporation was also made a defendant in this suit but was dismissed with prejudice on May 23, 1988.