662 So.2d 486 (1995)
COMMERCIAL LIFE INSURANCE COMPANY
v.
Sylvia G. ROBINSON and Joseph Costa, Jr., Testamentary Executor of the Estate of Thomas A. Robinson.
Nos. 95-CA-186 to 95-CA-188.
Court of Appeal of Louisiana, Fifth Circuit.
July 25, 1995.
Rehearing Denied November 17, 1995.
*487 Robert A. Barnett, Guste, Barnett & Shushan, LLP, New Orleans, for defendant/appellant, Succession of Thomas A. Robinson and its Executor Joseph Costa, Jr.
Nicholas J. Gagliano, Metairie, for defendant/appellee, Sylvia G. Robinson.
Before BOWES, DUFRESNE and WICKER, JJ.
BOWES, Judge.
Plaintiff/appellant, the Estate of Thomas A. Robinson (hereinafter the "Estate"), appeals a summary judgment in favor of appellee, Sylvia Robinson, awarding the proceeds of three insurance policies to her. We affirm.
Thomas Robinson (hereinafter "Robinson") died on August 10, 1991 and was survived by his widow, Mrs. Sylvia Robinson ("Mrs. Robinson") and children (apparently issue of his prior marriages). At the time of his death, Robinson was president of American Sprinkler Company Inc., and owner of 50% of the stock in that company. Through American Sprinkler, Robinson maintained three group life insurance policies as follows: a policy, issued by Commercial Life Insurance Company ("Commercial") in the amount of $40,000.00; a policy issued by Sentry Life Insurance Company ("Sentry") in the amount of $50,000.00; and a policy issued by Royal Maccabees Life Insurance Company ("Royal Maccabees") in the amount of $100,000.00. Each policy originally designated Mrs. Robinson as the beneficiary.
On December 9, 1990, in ill health and facing major surgery the next day, Robinson obtained change of beneficiary forms from these companies and signed and dated each one, naming his estate as the beneficiary on all. The remainder of each form was not filled in nor completed. Robinson survived the surgery and returned to work. On August 10, 1991, he died of a sudden and massive heart attack.
Shortly after his death, Mr. Fred Kullman, the attorney for the Estate, and Mr. James Carriere, the attorney for American Sprinkler and for a trust which Robinson had established for his daughters, visited Robinson's home to obtain legal documents and records necessary to handle the estate. At that time, in Robinson's briefcase, were located the change of beneficiary forms, signed, and dated, but not otherwise filled out. The forms were submitted to the respective insurance companies by the executor for the Estate, Mr. Joseph Costa Jr., along with a written request for payment of the proceeds to Robinson's estate. Similarly, Mrs. Robinson requested payment of the proceeds. Each insurer filed concursus proceedings in the Twenty-Fourth Judicial District Court, admitting that they owed the benefits but requesting to place the money in the registry *488 of the court. Both Mrs. Robinson and the Estate answered the petition claiming the proceeds.
The proceedings were consolidated for trial, and subsequently Mrs. Robinson moved for summary judgment in her favor. Following oral argument, the court granted summary judgment in her favor, without oral or written reasons. The Estate appeals.
On appeal, the Estate alleges that there were issues of material fact precluding summary judgment. Specifically, it is asserted that the court incorrectly found:
(1) that the policy provisions determined by whom and in what circumstances the change of beneficiary forms were to be filed, and
(2) that the deceased lacked the requisite intent to change the beneficiary.
It is the contention of appellee that, facing the surgery prior to December 9, 1990, Robinson met with his accountant and Mr. Carriere, his attorney, and was advised by them at that time that in order to avoid severe estate tax consequences, he should change the beneficiary of his life insurance policies from Mrs. Robinson to his Estate.
Appellant does not contest the fact that the forms were signed and dated December 9, 1990, but not mailed to the respective insurers. Rather, appellant urges that the intent of Robinson to change beneficiaries is an issue of fact and that it is an issue of fact as to whether the signed forms, still in the possession of Robinson at the time of his death, constituted a valid change of beneficiary.
The Royal Maccabees policy contained the following provision:
CHANGE OF BENEFICIARY.
The right is reserved to each Certificateholder to change his beneficiary by written request, subject to any legal restriction which may effect such right. This written request must be submitted directly to the location where the group policy records are maintained. Any such change will take effect on the date of such request. Any such change will be without prejudice to the Company on account of any payment made by it prior to such request.
The Commercial policy had this clause:
CHANGE OF BENEFICIARY.
The beneficiary is the person(s) named by You in the Policyholder's records, to receive the proceeds. You may name a new beneficiary by filing written notice. Such change will take effect when entered on the Policyholder's records as of the date the notice was signed. The change will be without prejudice to Us as to any payment We make or action We take before the change takes effect.
Finally, the Sentry policy states as follows:
CHANGE OF BENEFICIARY.
You may change Your beneficiary. Any change requires satisfactory written notice to Us. After We record it, the change is effective from the date you signed the notice. You do not have to be living at the time We record the change for it to be effective. We will not be responsible for any payment made or action taken before the change is recorded.

ANALYSIS
The applicable jurisprudence is as follows:
In determining the beneficiary of a life insurance policy, it is necessary to ascertain the intention of the deceased. In this regard, the courts are bound to give legal effect to all contracts and their terms, including insurance policies, according to the true intent of the parties, and the intent is to be determined by the words of the contract when they are clear and explicit and lead to no absurd consequences. Joseph v. Joseph, 537 So.2d 863 (La.App. 5 Cir.1989); Baker v. Life General Security Insurance Company, 405 So.2d 1162 (La.App. 1 Cir.1981).
When the agreement is unclear, ambiguous, or will lead to absurd consequences, the court should go beyond the written agreement to gather the true intention. Dixie Campers, Inc. v. Vesely Company, 398 So.2d 1087 (La.1981); Joseph v. Joseph, supra; Baker v. Life General Security Insurance Company, supra; Bohm v. CIT Financial Services, Inc., 348 So.2d 132 (La. *489 App. 1 Cir.1977) writ denied, 350 So.2d 673 (La.1977); Louisiana Sav. Ass'n, Inc. v. Bluebonnet Holding Partnership, 546 So.2d 869 (La.App. 1 Cir.1989).
Summary judgments are reviewed on appeal de novo. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law.

Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, (La. 7/5/94), 639 So.2d 730, 750.
With regard to summary judgment on issues involving intent, the Supreme Court continued in Smith:
Summary judgment is seldom appropriate for determinations based on subjective facts, such as motive, intent, good faith, knowledge and malice. Penalber, 550 So.2d [577] at 583 [(La.1989)]. As we put it in Penalber, summary judgment `is rarely appropriate for a determination based on subjective facts.' 550 So.2d at 583 (emphasis supplied). Nonetheless, Louisiana courts have recognized that, while `rare', summary judgment may be granted on subjective intent issues when no issue of material fact exists concerning the pertinent intent.
* * * * * *
As this court has oft-stated, summary judgment may be granted when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court. Likewise, summary judgment is appropriate when all the relevant facts are marshalled before the court, the marshalled facts are undisputed, and the only issue is the ultimate conclusion to be drawn from those facts.
In connection with the motion for summary judgment, Mrs. Robinson submitted her sworn affidavit that Robinson never at any time indicated to her that he either intended to change beneficiaries or that he had received advice to do so and prior to finding the forms in his briefcase after his death, she was unaware of their existence and had no personal knowledge of his having filled them out or of any intent to do so. She further declared that Robinson recovered from surgery and returned to work until his unexpected death, and that he had sufficient time following the surgery to complete and file the forms, and that she did nothing to interfere or prevent him from doing so.
Also submitted were portions of a deposition by Mr. Kullman, who stated that he knew nothing of the advice given by Mr. Carriere nor of any intent of Robinson to make the changes until, following the death, Carriere expressed surprise to Kullman that the forms had not been filed.
In his deposition, Mr. Carriere stated that he "could" have told Mrs. Robinson that Mr. Robinson didn't do what he told him to do, and further, that Mrs. Robinson was the beneficiary of the three policies because the forms had not been delivered to the insurers. However, Carriere later concluded that possession of the forms by Robinson constituted "delivery to the company since he was the company." Mr. Carriere did not state exactly what he did tell Robinson (presumably in deference to the attorney-client relationship).
There was also submitted the deposition of Kim Hauck, office manager at American Sprinkler, who handled much of Robinson's insurance matters. On the day before his surgery, Robinson asked for copies of his insurance applications, and Hauck also gave him the change forms. She never got the completed forms back from Robinson, and did not see them again until after his death. She knew nothing of any intent on the part of Robinson to change beneficiaries, although not all of Robinson's insurance matters were processed through her.
Also submitted in support of the motion for summary judgment were answers to interrogatories filed by each of the insurers. Sentry declared that it required a completed change of beneficiary form sent to it for its records; Royal Maccabees stated that the completed form must be returned to the policyholder which is supposed to maintain the forms; and Commercial stated that a *490 completed change form must be submitted to it for endorsement.
Notably and importantly, appellee, the Estate, submitted no evidence nor affidavits in opposition to the motion.
After examination of the record, we find that no issue of material fact exists concerning the pertinent intent of Robinson. Since Robinson is deceased, his intent cannot be directly proven. However, all of the relevant facts are marshalled before us and the marshalled facts are undisputed. Therefore, the only issue is the ultimate conclusion to be drawn from those facts.
We find, on de novo review, that the failure of Robinson to complete the forms and submit them either to his insurance agent, his office or the insurers themselves for eight months evidences a lack of intent to make such a change. Mrs. Robinson showed, and it was undisputed, that Robinson was functional and back at work for months prior to his death, and no reason was brought forth by the Estate as to why, if he intended to make the changes, Robinson did not complete and file the forms. Any intent which he may have had on December 9, 1990, remained inchoate until his death.
When the words of a contract are clear, unambiguous, and lead to no absurd consequences, the contract is interpreted by the court as a matter of law. La.C.C. art. 2046. When a contract is to be interpreted by the court as a matter of law, a motion for summary judgment is a proper procedural vehicle to present the question to the court. La.C.C.P. art. 966(B). Thus, trial and appellate courts routinely interpret insurance contracts on motions for summary judgment.
However, if a court determines as a matter of law that a contract is ambiguous, then extrinsic (parol) evidence may be used to determine the true intent of the parties, and determining the intent of the parties becomes, in part, a question of fact. In this posture, the granting of a summary judgment is appropriate only if `there is no genuine issue as to material fact ...' La. C.C.P. art. 966(B).

Carter v. BRMAP, 591 So.2d 1184, 1188 (La.App. 1 Cir.1991) (citations omitted).
We find that the respective policies were partially ambiguous with regard to the method and the requisite form necessary for effectuating a change of beneficiary. It is, therefore, essential to resort to parol evidence, which, in this case, constitute, in part, the answers to interrogatories submitted by the insurers, to determine the validity of the claim. In so doing, we find there is no question (of material fact) but that each company required a completed form, and in each case, there is no question but that the form signed by Robinson was incomplete, lacking vital information such as the policy number, and the name of the policyholder.
Further, in the case of Sentry, the policy clearly requires that the completed form be sent to it for recordation in order to effect a change; and there is no question that such form was not sent to Sentry.
Commercial explained that the completed form must be submitted to it for endorsementand again, there is no question that this was not done.
Royal Maccabees required that the completed form be held by the policyholder, in this case, American Sprinkler.[1] It is clear from the evidence submitted on the motion that these requirements were not met and appellant failed to rebut the appellee's overwhelming evidence.
In the Carter case, supra, p. 1189, the plaintiffs attempted to rebut defendants' affidavit on summary judgment which was to the effect that they did not intend the explosion to occur. The court there stated:
When a motion for a summary judgment has been filed and supported by evidence, the adverse party may no longer rely on the mere allegations or denials of his pleading, but through affidavits or otherwise must set forth evidence demonstrating there is a genuine issue for trial. The plaintiffs' response to the du Pont affidavit, *491 through affidavits of their own, did little more than argue that questions of fact existed. No further facts surrounding the du Pont officials' knowledge were alleged.
When the evidence submitted on the motion leaves no relevant, genuine issue of fact, and when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court, a motion for summary judgment should be granted. [Emphasis supplied].
We find that appellant has relied on the allegations and denials of his pleadings, failing to set forth facts (through evidence or affidavits) to demonstrate a genuine issue for trial. All relevant and material facts which can be garnered on this matter have been presented, and we can conceive of no further purpose to be served by a trial on the merits. It is clear that appellee failed to set forth material facts which would preclude summary judgment and we hold that the trial court correctly granted judgment in favor of Mrs. Robinson.

ANSWER TO APPEAL
Mrs. Robinson has filed an answer to the appeal, requesting damages for a frivolous appeal. Although appellee has prevailed in her claim in both the district court and this Court, we do not find the insurer's position to be so devoid of any reasonable factual or legal basis as to constitute an abuse of the appellate process under La. C.C.P. Art. 2164, which is penal in nature and must be strictly construed. See Kozina v. Zeagler, 94-413 (La.App. 5 Cir. 11/29/94), 646 So.2d 1217. We therefore decline to award appellee any additional damages.

DECREE
For the foregoing reasons, the summary judgment in favor of Mrs. Sylvia Robinson is affirmed. Appellant is assessed all costs of this appeal.
AFFIRMED.
NOTES
[1] We find that appellants have failed to show that Robinson is American Sprinkler, despite the statement of Mr. Carriere. We say this, in part, because the company had an office where business was conducted and insurance forms were processed.