STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1164

OCCIDENTAL LIFE INSURANCE
COMPANY OF NORTH AMERICA

VERSUS

RUBY BENOIT AND
DEAUNDRA L. FRANCIS

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, 20043303, DIVISION I
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese.

**AFFIRMED.**

Genovese, J., dissents in part, concurs in part, and assigns written reasons.

**Lloyd Dangerfield**
**Attorney at Law**
**703 E. University Avenue**
**Lafayette, LA 70503**
**Counsel for Defendant-Appellant:**
**    Ruby Benoit**

**Stan Gauthier, II**
**Kristi Husher Oubre**
**Jonathan D. Mayeaux**
**Stan Gauthier, II A Law Corporation**
**1405 West Pinhook Road, Suite 105**
**Lafayette, LA 70503**
**Counsel for Defendant-Appellant:**
**    Deaundra L. Francis**

**Greg R. Mier**
**Onebane Law Firm**
**1200 Camellia Boulevard, Suite 300**
**Lafayette, LA 70508**
**Counsel for Plaintiff-Appellee:**
**Occidental Life Insurance Company of North America**

**PAINTER, Judge.**

Occidental Life Insurance Company of North America (Occidental) instituted this concursus proceeding by depositing the proceeds of a certain life insurance policy into the registry of the court and made Ruby Benoit (Benoit) and Deaundra L. Francis (Francis), both of whom claim to be the sole beneficiary of the policy, defendants. Francis filed a reconventional demand seeking to reform the policy to name her beneficiary or, in the alternative, seeking damages for negligence on the part of Occidental. The trial court reformed the policy to name Francis as beneficiary, dismissed the reconventional demand, and ordered that the balance of the funds in the registry of the court, plus accrued interest but less court costs, be paid to Francis and her attorney after all appellate delays had run. Benoit and Francis now appeal. For the reasons that follow, we affirm the judgment of trial court in all respects.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1985, Debra Francis purchased an insurance policy from Occidental to insure the life of her daughter, Deaundra Francis. The policy was numbered 230568313M (the M policy) and designated Debra as beneficiary. In 1987, Debra purchased another insurance policy from Occidental to insure her own life. This policy was numbered 230627324H (the H policy) and is the policy now at issue. The H policy designated Benoit, Debra's mother, as beneficiary. On December 11, 2003, Debra executed a written change of beneficiary form to change the designated beneficiary to her daughter. She referenced the M policy but listed herself as the insured. However, in fact, Debra was the insured under the H policy, and Francis was the insured under the M policy.

Debra died from recurring metastatic breast cancer on April 9, 2004. Benoit then submitted a "Proofs of Death-Claimant's Statement" to Occidental seeking the

1

benefits from the H policy. Francis also submitted a "Proofs of Death-Claimant's Statement" claiming that she alone was entitled to the benefits from the H policy because of a mistake made by her mother in changing the beneficiary on the M policy rather than on the H policy. When attempts to resolve the dispute were unsuccessful, Occidental deposited approximately $70,000.00, the benefits due under the H policy, into the registry of the court pursuant to La.Code Civ.P. art. 4658 and filed a concursus proceeding citing both Benoit and Francis as claimants. Benoit filed an answer alleging that she alone was entitled to the proceeds of the H policy. Francis filed a similar answer but also asserted, in the alternative, that if Benoit was entitled to the proceeds, Occidental should pay the full amount to each concursus defendant because of Occidental's alleged mishandling of a change of beneficiary form.

The trial court found that Occidental was not negligent in its handling of the change of beneficiary form but reformed the H policy to name Francis as the beneficiary pursuant to the change of beneficiary form submitted by Debra. Accordingly, the trial court ordered that the balance of the funds placed into the registry of the court, plus accrued interest but minus court costs, be paid to Francis and her attorney after the expiration of all appellate delays. Benoit now appeals. Francis also appeals, arguing that the judgment should be affirmed; however, Francis claims that if the judgment is reversed based on a finding that the trial court erred in reforming the policy, then in that event, she claims that Occidental negligently handled the change of beneficiary transaction such that she is entitled to judgment on her reconventional demand against Occidental in the amount of the policy proceeds. For the following reasons, we affirm the judgment of the trial court in its entirety.

2

## DISCUSSION

We first consider whether the trial court was correct in reforming the policy. We review the trial court's findings of fact in that regard under the manifest error standard of review.

The trial court found that the change of beneficiary form was ambiguous because it shows the M policy number but lists Debra as the insured when clearly she was not the insured under that policy. We agree.

> In determining the beneficiary of a life insurance policy, it is necessary to ascertain the intention of the deceased. In this regard, the courts are bound to give legal effect to all contracts and their terms, including insurance policies, according to the true intent of the parties, and the intent is to be determined by the words of the contract when they are clear and explicit and lead to no absurd consequences. *Joseph v. Joseph*, 537 So.2d 863 (La.App. 5 Cir.1989); *Baker v. Life General Security Insurance Company*, 405 So.2d 1162 (La.App. 1 Cir.1981).
>
> When the agreement is unclear, ambiguous, or will lead to absurd consequences, the court should go beyond the written agreement to gather the true intention. *Dixie Campers, Inc. v. Vesely Company*, 398 So.2d 1087 (La.1981); *Joseph v. Joseph*, *supra*; *Baker v. Life General Security Insurance Company*, *supra*; *Bohm v. CIT Financial Services, Inc.*, 348 So.2d 132 (La.App. 1 Cir.1977), *writ denied*, 350 So.2d 673 (La.1977); *Louisiana Sav. Ass'n, Inc. v. Bluebonnet Holding Partnership*, 546 So.2d 869 (La.App. 1 Cir.1989).

*Commercial Life Ins. Co. v. Robinson*, 95-186, pp. 5-6 (La.App. 5 Cir. 7/25/95), 662 So.2d 486, 488-89.

The trial court heard testimony from both Benoit and Francis, examined Debra's last will and testament and numerous other insurance documents, and also received the deposition of Debra's friend, Lisa Holmes. From these documents, it is clear that Debra made several conscientious decisions regarding both the H and M policies as well as other policies she held after she received her diagnosis of terminal cancer, including making cash withdrawals from both the H and M policies. It is also clear that Debra, in the months before her death, was primarily interested in settling

3

her financial affairs and providing for the well-being of her daughter and grandchildren. Her will, executed on November 25, 2003, left the entirety of her estate to her daughter and grandchildren and set up a trust for the grandchildren. Further, we note that it would be nonsensical to make Francis the beneficiary of a policy on her own life and that there was no need to change the beneficiary on the M policy since Francis would have become the owner of that policy upon her mother's death and would have been able to change the beneficiary herself. Thus, we find no manifest error in the trial court's decision. Having so found, we need not reach Francis' alternative arguments concerning the dismissal of her reconventional demand.

Finally, we find that Benoit's argument that the trial court erred in assessing the court costs against the funds on deposit to be without merit. Louisiana Code of Civil Procedure Article 4659 provides, in pertinent part, as follows:

> When money has been deposited into the registry of the court by the plaintiff, neither he nor any other party shall be required to pay any of the costs of the proceeding as they accrue, but these shall be deducted from the money on deposit.

As the provisions of this article mandate the deduction of the costs from the money on deposit, we find no error in the trial court's assessment of the costs against the funds on deposit rather than against either Occidental or Francis.

**DECREE**

For the foregoing reasons, we affirm the judgment of the trial court in its entirety. All costs of this appeal are assessed to Appellant, Ruby Benoit.

**AFFIRMED.**

4

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

OCCIDENTAL LIFE INSURANCE
COMPANY OF NORTH AMERICA

VERSUS

RUBY BENOIT and
DEAUNDRA L. FRANCIS

**GENOVESE, J., concurs in part, dissents in part, and assigns the following reasons:**

I concur with the affirmation of the trial court's assessment of costs; however, I dissent from the majority in its affirmation of the trial court's change of beneficiary designation.

There was nothing in the record to support the trial court's "reformation" of the insurance contract. There was no ambiguity. The decedent was an educated, retired military woman with twenty-four years of military service who had engaged in several insurance transactions with Occidental Life just prior to her death and had confected a last will and testament less than five months prior to her death. She had terminal cancer and was aware of her impending death. She had strategically gotten her affairs in order just prior to her death. On her own volition, she knowingly executed a change of beneficiary on the appropriate insurance forms on one of her life insurance policies which was designated by her as the "M" policy.

The trial court found ambiguity in the transaction, reformed the insurance contract, and on its own changed the policy designation from the "M" policy to the "H" policy, ignoring the signed declaration of the decedent. The end result is that the trial court unilaterally changed the decedent's designation of beneficiary.

In effect, the trial court and the majority of this court have superimposed what they think was the intent of the decedent in changing the beneficiary designation on one of her life insurance policies. There was no rational basis of fact in the record to support such action. This sets a bad precedent and opens Pandora's box. In the future, a trial court will be able to delve into the intent of a decedent in his or her change of beneficiary designation. This invites litigation by the living over the intent of the dead and invades the sanctity of the decedent's beneficiary designation when he or she will no longer be around to defend same. That leads to absurd consequences. In my opinion, the trial court was manifestly erroneous and clearly and legally wrong in changing the decedent's beneficiary designation on her life insurance policy against the written declaration of the decedent without legal grounds therefor. I would reverse the trial court and uphold the decedent's beneficiary designation on her life insurance policy.